UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRANDON R. STEPHENSON,

        Plaintiff,

v.

KITSAP COUNTY, *et al.*,

        Defendants.

CASE NO. 3:20-cv-05993-BHS

ORDER TO SHOW CAUSE OR
AMEND PROPOSED COMPLAINT

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* ("IFP"), which the District Court has referred to the undersigned as authorized by Amended General Order 02-19. *See* Dkt. 3.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court may dismiss a proposed complaint where a plaintiff seeks to proceed IFP and the proposed complaint fails to state a claim or is frivolous or malicious. Here, although plaintiff qualifies financially to proceed IFP, his proposed complaint fails to state a claim upon which relief can be granted, as discussed herein. The Court will provide plaintiff with an opportunity to amend his proposed complaint to correct the deficiencies

1  identified in this Order; however, the Court declines to rule on his IFP application until plaintiff
2  has done so.  Moreover, failure to timely comply with this Order will result in a recommendation
3  that the matter be dismissed without prejudice.

## BACKGROUND

In his proposed amended complaint, plaintiff names Kitsap County, "WellPath," and Wellpath's lawyer as defendants.  Dkt. 1, at 1–2.  Plaintiff alleges that between January 7 and June 14, 2016, he was incarcerated in Kitsap County Jail and under the care of WellPath, which did not provide him with medication for his chronic medical conditions.  Dkt. 1, at 9.

Plaintiff alleges that although he and his family member alerted medical staff and his lawyer gave his medical records to WellPath staff, WellPath staff nevertheless refused to provide him with medication and treatment.  Dkt. 1, at 9.  As a result, plaintiff claims that on February 8, 2016, he was found unconscious in his cell.  Dkt. 1, at 9.  Plaintiff appears to allege that he does not remember falling unconscious and that he learned of the incident in August 2019, when another prisoner told him.  Dkt. 1, at 9.

Plaintiff alleges that Kitsap County was "in charge of" monitoring WellPath to ensure that prisoners received proper treatment.  Dkt. 1, at 9.  He brings claims for failure to provide medical care under the Eighth Amendment.  *See* Dkt. 1, at 5.

## DISCUSSION

**I. Legal Principles**

Section 1983 provides a remedy where a person acting under color of law "subjects, or causes to be subjected," plaintiff to "the deprivation of any rights, privileges, or immunities secured by the Constitution" and the laws of the United States.  42 U.S.C. § 1983.

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Although this Court will interpret a *pro se* complaint liberally, it "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). This Court will also grant leave to amend unless it appears that there is no set of factual allegations that could cure the pleading. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**II. Statute of Limitations**

Plaintiff brings suit for events that occurred in 2016. The statute of limitations for an action under § 1983 is three years (*see Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991)), and more than four years elapsed before plaintiff brought this suit. Thus the statute of limitations would appear to bar plaintiff's claims.

"A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bagley*, 923 F.2d at 760 (citations and internal quotation marks omitted). Here, plaintiff alleges that he sustained an injury on February 8, 2016, but that he did not learn of his alleged injury until August 2019, when his former cellmate told him what had happened. Dkt. 1, at 9.

1    This seems implausible.  Plaintiff states that he had a pool of blood around his head, that
2    he was taken to a hospital, and that afterward, he was "not the person who [he] was before the
3    incident."  Dkt. 1, at 9.
4    Plaintiff's scant allegations fail to plausibly allege that he did not know or have reason to
5    know that he had fallen unconscious on February 8, 2016, at any time before August 2019.  Even
6    if plaintiff did not know the full extent of his injuries until August 2019, a cause of action
7    accrues "even if the full extent of the injury is not then known."  *Wallace v. Kato*, 549 U.S. 384,
8    391 (2007).
9    If plaintiff is claiming that this action is timely because the statute of limitations did not
10   begin running until 2019, he must include specific and plausible allegations explaining why this
11   may be the case.
12   **III.  Eighth v. Fourteenth Amendment**
13   It is unclear from plaintiff's complaint whether he was a pretrial detainee or a prisoner at
14   the time of the alleged events.  This distinction is important because if plaintiff was a pretrial
15   detainee, his claims arise under the Fourteenth, not the Eighth Amendment.

> [C]laims for violations of the right to adequate medical care "brought by pretrial detainees against individual defendants under the Fourteenth Amendment" must be evaluated under an objective deliberate indifference standard.  [Citation omitted.]  Based thereon, the elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'"  [Citation omitted.]

*Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018), *cert. denied sub nom. Cty. of Orange, Cal. v. Gordon*, 139 S. Ct. 794 (2019).

In any amended proposed complaint, plaintiff should clarify his status at the time of the alleged events.

**IV. Kitsap County**

Plaintiff brings suit against Kitsap County in its official capacity based on the theory that they failed to properly monitor WellPath.

"[M]unicipalities and other local government units . . . [are] among those persons to whom § 1983 applies." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). "A county is subject to Section 1983 liability 'if its policies, whether set by the government's lawmakers or by those whose edicts or acts . . . may fairly be said to represent official policy, caused the particular constitutional violation at issue.'" *King v. Cty. of Los Angeles*, 885 F.3d 548, 558 (9th Cir. 2018) (quoting *Streit v. County of Los Angeles*, 236 F.3d 552, 559 (9th Cir. 2001)).

However, a county may not be held liable simply based on the theory that a person or persons being supervised by the county is liable. *See Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (supervisory liability is not adequate to state a claim against a county). Instead, a plaintiff must show that a county policy or custom caused the constitutional deprivation. *Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016) (en banc).

Here, plaintiff alleges simply that Kitsap County is liable because it supervised WellPath, which was contracted to provide medical services at the jail. Plaintiff does not point to any particular custom or policy of Kitsap County that cause the alleged deprivations.

If plaintiff wishes to proceed under a theory that Kitsap County's police caused his injuries, he must plausibly allege an official municipal policy that reflects deliberate indifference

to the rights of persons at the jail. *See Castro v. Cty. of L.A.*, 833 F.3d 1060, 1076 (9th Cir. 2016) (en banc). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

If plaintiff wishes to proceed under a theory of municipal custom, rather than policy, he must alternatively show that there is a permanent and well-settled practice by the municipality which gave rise to the alleged constitutional violation. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). Plaintiff may also establish municipal liability by demonstrating that the alleged constitutional violation was caused by a failure to train municipal employees adequately. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388–91 (1989).

**V. WellPath**

Plaintiff alleges that WellPath was responsible for medical care at the jail and is responsible for the failure to treat.

Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). However, a medical provider contracted to provide medical care may be a state actor for § 1983 purposes. *E.g. West v. Atkins*, 487 U.S. 42, 55–56 (1988).

But even if WellPath is a "state actor" for § 1983 purposes, plaintiff cannot hold WellPath liable on a theory of supervisory liability, alone. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012). Similar to claims against Kitsap County, plaintiff must "demonstrate that an 'official policy, custom, or pattern' on the part of [WellPath] was 'the actionable cause of the claimed injury.'" *Id.* at 1143 (internal citation omitted). If plaintiff

ORDER TO SHOW CAUSE OR AMEND PROPOSED
COMPLAINT - 6

1  wishes to bring claims against WellPath, he should make specific factual allegations regarding
2  the custom or policy of WellPath that he alleges caused his injuries.

3  **VI.  WellPath Attorney**

4  Plaintiff names a WellPath attorney as a defendant.  Dkt. 1, at 2.  However, plaintiff does
5  not provide any allegations explaining how the attorney had anything to do with the alleged
6  events.  If plaintiff wishes to bring claims against the attorney, he must plausibly explain how the
7  attorney is a person acting under color of state law who caused the alleged constitutional
8  deprivations.

9  **CONCLUSION AND DIRECTIONS TO PLAINTIFF**

10  The Court will not rule on plaintiff's IFP application until he provides a proposed
11  complaint that states a cognizable claim.  Plaintiff shall respond to this Order by providing an
12  amended proposed complaint on or before **November 27, 2020.**  If plaintiff fails to do so, the
13  Court will recommend dismissal of this matter for failure to comply with a Court Order.

14  Plaintiff should note that the amended proposed complaint will be a complete substitute
15  for the prior proposed complaint and should not incorporate any portion of the prior proposed
16  complaint by reference.  Plaintiff should amend his complaint to contain a short, plain statement
17  of his claim against each defendant and allegations made in good faith of how that individual
18  defendant's actions make him or her liable under the principles set forth in this Order.

19  The Clerk's Office shall update the docket to re-note plaintiff's IFP application (Dkt. 3)
20  for November 27, 2020 and to reflect that the response to this Order is due on the same date.
21  The Clerk's Office shall provide plaintiff with a copy of this Order and the form complaint for a
22  civil rights matter brought by a non-prisoner.

23  ///

24

Dated this 16th day of October, 2020.

*J. Richard Creatura*
J. Richard Creatura
United States Magistrate Judge