UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRANDON R. STEPHENSON,<br><br>                  Plaintiff,<br><br>   v.<br><br>KITSAP COUNTY, *et al.*,<br><br>                  Defendants. | CASE NO. 3:20-cv-05993-BHS<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: January 1, 2021 |

Plaintiff's *in forma pauperis* ("IFP") application is before the Court on referral pursuant to 28 U.S.C. § 636 and this Court's Amended General Order 02-19.

This matter is before the Court on the undersigned's Order to Show Cause or Amend Proposed Complaint. *See* Dkt. 5. Plaintiff, proceeding *pro se*, has not responded to the Court's order, although the deadline to do so was on October 16, 2020. *See id.* Therefore, the undersigned recommends denying plaintiff's *in forma pauperis* application (Dkt. 3) and dismissing this action without prejudice.

///

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

Plaintiff seeks to bring claims against Kitsap County, "WellPath," and WellPath's lawyer under 42 U.S.C. § 1983. Dkt. 1, at 1–2. Plaintiff alleges that between January 7 and June 14, 2016, he was incarcerated in Kitsap County Jail and under the care of WellPath, which did not provide him with medication for his chronic medical conditions. Dkt. 1, at 9.

In the show cause order, the undersigned informed plaintiff that his proposed complaint stated no cognizable claim and was therefore subject to dismissal unless amended. Specifically, the Court informed plaintiff that the statute of limitations appeared to bar his suit and that plaintiff's allegations against Kitsap County and WellPath on the basis of their supervisory roles were inadequate. Dkt. 5, at 3, 5–6. And plaintiff appeared to seek to bring claims against a WellPath attorney but did not provide any particular allegations explaining how the attorney had acted or failed to act. Dkt. 5, at 7.

The undersigned informed plaintiff that the Court would not rule on his IFP application until he provided a proposed complaint that stated a cognizable claim. *See* Dkt. 5, at 7. The undersigned also informed plaintiff that failure to respond to the show cause order would result in a recommendation to dismiss this matter without prejudice for failure to comply with a Court Order. Dkt. 5, at 7.

Plaintiff has taken no action in response to the Court's order to show cause. Therefore, the undersigned recommends that plaintiff's *in forma pauperis* application (Dkt. 3) be **DENIED**, and that this matter should be **DISMISSED** without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

1  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

2  of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

3  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).  Accommodating the time limit

4  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 1,**

5  **2021.**

6        A copy of the Report and Recommendation shall be sent to plaintiff.

7        Dated this 14th day of December, 2020.

8

9                        J. Richard Creatura

10                       United States Magistrate Judge